IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| HENRY GIBBS JR., | ) |
| Plaintiff | ) 1:24-CV-00209-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| PENNSYLVANIA PAROLE BOARD,<br>SUPERINTENDENT SCI FOREST, | ) MEMORANDUM OPINION ON PETITION<br>) FOR WRIT OF HABEAS CORPUS |
| Defendants | ) IN RE: ECF NO. 3 |

I.  Introduction

This matter is before the Court for consideration of the Petition for Writ of Habeas Corpus filed by Henry Gibbs ("Gibbs" or "Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 3. Gibbs, a Pennsylvania inmate, challenges the Pennsylvania Board of Probation and Parole's ("the Board") recalculation of his maximum sentence date following his arrest while on parole. *Id.* The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. For the following reasons, Gibbs' Petition will be denied and no certificate of appealability will be issued.

II.  Background

In 1994, Gibbs was sentenced in state court to a term of incarceration of five years to twenty-six years. ECF No. 6-1. His maximum sentence date was calculated as February 1, 2014. *Id.* Gibbs was released from custody on September 22, 2003. He was then approved for a transfer of parole to the State of Illinois and reported to supervision in that jurisdiction. But in December

of 2006, Gibbs was declared delinquent effective December 1, 2006, by the Board as his whereabouts were unknown. *Id.* While delinquent on parole, Illinois authorities arrested Gibbs on a charge of aggravated battery on January 20, 2007. ECF No. 6-4, p. 2. He was also charged with armed robbery and automobile theft for offenses committed in the State of Mississippi in January of 2007. *See id.* The Board then lodged an interstate warrant to commit and detain Gibbs based on these new criminal charges. *See* ECF No. 6-7.

On January 25, 2013, Gibbs pleaded guilty to the Illinois aggravated battery charge in that jurisdiction and was sentenced to thirteen years of incarceration, with credit for time served. ECF No. 6-8. He also pleaded guilty to the Mississippi charges in April of 2015. The Mississippi court sentenced Gibbs to thirteen years, with eight years to be served in that state followed by five years supervision. ECF No. 6-10, p. 2.

Gibbs was returned to Pennsylvania state custody on January 5, 2022. *See id.* In March of that year, Gibbs waived his right to a parole violation hearing, a revocation hearing, and his right to counsel. ECF No. 6-11, p. 2. Gibbs then admitted to the parole violations and to being convicted of new criminal charges. ECF No. 6-12. On April 7, 2022, the Board recommitted, based on these violations, ordering Gibbs serve twenty-four months. *Id.* The Board then recalculated Gibbs' February 1, 2014, maximum sentence date to March 18, 2032. *Id.*

Gibbs unsuccessfully challenged that decision by filing an administrative appeal with the Board and appealing that decision to the Commonwealth Court of Pennsylvania. *See* ECF Nos. 6-14, 6-15, 6-16. He sought further review in the Pennsylvania Supreme Court, which was denied. ECF No. 6-18.

Gibbs filed the instant petition seeking a writ of habeas corpus in this Court on August 9, 2024. ECF No. 3. He argues that the Board's recalculation of his maximum sentencing date violates his rights under the United States Constitution.

III.    Discussion and Analysis

A.    Exhaustion

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An important corollary to the exhaustion requirement is the doctrine of procedural default. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims" has deprived the state courts of an opportunity to address the merits of those claims "in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, when an applicant has failed to "fairly present" his claim to the state courts, and state procedural rules now bar him from doing so, the exhaustion requirement is deemed satisfied due to the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d

3

Cir. 1999)). Such claims may not ordinarily be reviewed by a federal court. *Davila v. Davis*, 582 U.S. 521, 527-28 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

Apropos of the instant case, Gibbs needed to do three things to properly exhaust his claims against the Board. First, Petitioner had to file a timely petition for administrative review of the Board's decision. *See* 37 Pa. Code § 73.1. Next, he needed to appeal that decision to the Commonwealth Court in a timely manner. *See* 42 Pa. C.S. § 763(a). Finally, he needed to file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days of the Commonwealth Court's decision. Pa. R.A.P. 1114. *See also Williams v. Wynder*, 232 Fed. Appx. 177, 179-80 (3d Cir. 2007) (holding that a party challenging the Board's parole revocation decision is "required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court"). The record reflects that Petitioner completed these steps. Thus, his habeas challenge based on the Board's parole revocation decision and calculation of his maximum sentence is exhausted.

B. Merits of the Petition

Citing various federal constitutional principles, Gibbs' claims for relief challenge the Board's authority to recalculate his maximum sentence after he was recommitted as a convicted parole violator. ECF No. 3, *generally*. His petition initially identifies two claims: first, that the Board's recalculation of his sentence violated the Constitution's "Contracts Clause," and second, that the Board's actions violated the Ex Post Facto clause located in Article I, section 10 of the

4

Constitution. *See* ECF No. 3, ¶ 2. Later, the petition alleges due process and equal protection violations.[1] *See id.* p. 7. These claims are legally frivolous.

        1.       The Board's recalculation did not violate the Contracts Clause.

Gibbs first attempts to raise a claim under Article I, section 10, clause 1 of the United States Constitution, which provides that "[n]o State shall ... pass any . . . Law impairing the Obligation of Contracts....".[2] He contends that the Board's statutorily delegated right to extend a parolee's maximum sentence under 61 Pa. C. S. § 6138(a)(2)2 impaired his contract with the Erie County District Attorney's Office vis-à-vis his plea agreement. *See* ECF No. 3, p. 5, ¶ 16. As a matter of federal law, this argument lacks merit. "[T]he Contract Clause of the United States Constitution protects compacts from impairment by the states." *Lines v. Wargo*, 271 F. Supp. 2d 649, 671 (W.D. Pa. 2003) (quoting *Aveline v. Pennsylvania Bd. of Probation and Parole*, 729 A.2d 1254, 1257 n.10 (Pa. Cmwlth.1999)). Here, Gibbs' allegations do not demonstrate that a "change in state law has 'operated as a substantial impairment of a contractual relationship.' " *Moss v.*

---

[1] Without citation to the petition, the Respondents contend that Gibbs also brings a claim based on the "separation of powers doctrine." *See* ECF No. 6, p. 10. The Court does not understand Gibbs' petition to raise such a claim but to the extent one can be inferred, it would not be cognizable in habeas proceedings. *See, e.g., Shelton v. PA Bd. of Prob. & Parole*, 2023 WL 3901988, at *1 (W.D. Pa. May 18, 2023). Further, Gibbs' petition included language which can be read as an attempt to raise a claim of deliberate indifference/failure to protect claim against the Board under the Eighth Amendment. ECF No. 3, pp. 7-8. He submits that the Board's actions "reunited me with unknown enemies due to my law enforcement cooperation." *Id.* p. 7. This claim is meritless. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Therefore, "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the [prisoner's] favor," a prisoner should bring a prison condition claim through other legal avenues. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). A claim that the Board failed to protect him from "unknown enemies" is not only speculative, but a ruling in Gibbs' favor, such as changing his custody level or location, or finding that his placement violates the Eighth Amendment, "would not alter his sentence or undo his conviction." *Leamer*, 288 F.3d at 542. Thus, he cannot raise this claim in a habeas petition. *See, e.g., Cohen v. Lappin*, 402 Fed. Appx. 674, 676 (3d Cir. 2010) (affirming dismissal because custody level claims "do not challenge the basic fact or duration" of one's imprisonment); *Levi v. Ebbert*, 353 Fed. Appx 681, 682 (3d Cir. 2009).

[2] Article I, section 10 provides that "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

*Pennsylvania*, 838 Fed. Appx 702, 708 (3d Cir. 2020) (citing *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992) (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)); *see also Transport Workers Union, Local 290 v. SEPTA*, 145 F.3d 619, 621 (3d Cir. 1998); *Petway v. Francis*, 2009 WL 260347, at *1 (N.D.W. Va. Feb. 2, 2009) (". ... the Obligation of Contracts Clause is only directed at impairments by legislation, not court judgments, and thus is not implicated in this case).

The Pennsylvania Commonwealth Court recognized Gibbs' challenge to be based on an alleged violation of the United States Constitution, and addressed the claim on its merits. *See* ECF No. 6-17, pp. 20-21. In denying this claim, the state court noted that although plea agreements implicate contract principles, "the parties to such a contract are the defendant and the Commonwealth, not the Board." *Id*. p. 20 (citing *Staton v. Pennsylvania Bd. of Prob. & Parole*, 171 A.3d 363, 366 (Pa. Commw. Ct. 2017)). The state court further noted that once he was released on parole, the conditions for parole, which he agrees to, do not form a new contract with the Board, but instead are an "acknowledgement of the Board's statutory authority to recommit him as a parole violator." *Id*. (citing *Das v. Talaber*, 2021 WL 1625404, at *5 (Pa. Cmwlth. Ct. Apr. 27, 2021)). It is Gibbs' burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent and/or an unreasonable determination of the facts. *Ross v. Atty. Gen. of State of Pennsylvania*, 2008 WL 203361, at *5 (W.D. Pa. Jan. 23, 2008). This means that he "must point to specific caselaw decided by the United States Supreme Court and show how the state court decision was contrary to or an unreasonable application of such United States Supreme Court decisions." *Engram v. Mason*, 2025 WL 777171, at *25 (W.D. Pa. Mar. 11, 2025) (citing *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000) ("To obtain habeas relief, [Petitioner] must therefore be able to point to a Supreme Court precedent

6

that he thinks the Missouri state courts acted contrary to or unreasonably applied.")). Here, Gibbs has not met his burden. He has not identified any decision of the state court that was contrary to precedent of the United States Supreme Court. Instead, his petition alleges only generalities and unmoored citations to the Constitution. *See, e.g.*, ECF No. 3, ¶¶ 16-17.

    2.  Gibbs' claims that the Parole Board violated his due process rights, the Ex Post Facto clause, and the Equal Protection Clause are not cognizable in habeas corpus proceedings.

Gibbs next contends that the Board's recalculation of his maximum sentence violated his due process rights, the ex post facto clause and amounted to an equal protection violation. Similar claims have been uniformly rejected by courts in this Circuit. *See, e.g., Smith v. Bd. of Prob. & Parole*, 2025 WL 1105798, at *3 (W.D. Pa. Mar. 3, 2025), *report and recommendation adopted*, 2025 WL 1425538 (W.D. Pa. May 16, 2025). That is to say, the contention at the heart of Gibbs' petition—that the Board does not possess the authority to recalculate his maximum sentence—is simply without merit. *See, e.g., Darby v. Delbalso*, 2019 WL 5541224, at *6 (E.D. Pa. Oct. 28, 2019). Thus, it is axiomatic that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Alleged violations of state law do not fall within the scope of § 2254(a) and, accordingly, are not cognizable in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Reinert v. Larkins*, 379 F.3d 76, 94 n.4 (3d Cir. 2004) ("[W]e, as a federal court sitting in habeas jurisdiction, would not have the authority to review a violation of the state constitution."). Gibbs' challenge to the Parole Board's statutory authority to recalculate his maximum sentence under Pennsylvania law falls squarely into this category.[3] *See, e.g., Crosby v. Pennsylvania Board of Probation and Parole*, 2024 WL 2941539,

---

[3] Even if Gibbs' claim was cognizable, the Pennsylvania Supreme Court explicitly rejected it several decades ago in *Young v. Com. Bd. of Prob. and Parole*, 409 A.2d 843 (Pa. 1979). In *Young*, the court explained that the Board's

7

at *2 (W.D. Pa. June 11, 2024) (argument that an inmate's maximum sentence date cannot be recalculated by the Board under state law is not cognizable under § 2254); *Coker v. Mason*, 2021 WL 1853387 (E.D. Pa. May 10, 2021) ("[A] habeas petition is not an appropriate vehicle to challenge the reasonableness of a state court's application of state law."). *See also U.S. ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966) (holding that the Circuit was "in complete accord" with the district court's determination that "[n]o constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.") (citing *U.S. ex rel. Heacock v. Myers*, 251 F.Supp. 773 (E.D. Pa. 1966)).

Here, the Board recalculated Gibbs' maximum sentence date under state statutory authority to revoke street time credit for parole violators. *See* 61 P.S. § 331.21a (repealed 2009), now 61 Pa. Cons. Stat. § 6138. This recalculation power—which extends maximum dates when parolees commit new crimes—raises no federal constitutional concerns. The Third Circuit explicitly held that "[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." *United States ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966). Courts have consistently rejected constitutional challenges to this statute on due process, equal protection, double jeopardy, bills of attainder, cruel and unusual punishment, and ex post facto grounds. *See id.; United States ex rel. Brown v. Pennsylvania Board of Parole*, 309 F. Supp. 886 (E.D. Pa. 1970); *Gomori v. Maroney*, 300 F.2d 755 (3d Cir. 1962). Accordingly, Gibbs' claims are meritless, and his petition will be denied.

---

recalculation of a parole violator's maximum sentence is not a modification of his judicially imposed sentence, but rather a requirement that he serve his entire original sentence. As such, the Board's power to deny credit for "street time" is "not an encroachment upon the judicial sentencing power." *Id.* at 848. Pennsylvania courts have repeatedly cited to and relied on *Young* to deny identical challenges brought by convicted parole violators. *See Crosby*, 2024 WL 2941539, at *2 (citing *Edmondson v. Pennsylvania Parole Bd.*, 2022 WL 2713204, at *2 (Pa. Commw. Ct. July 13, 2022) ("It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a [convicted parole violator's] maximum sentence date.")).

IV. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Gibbs' claims should be denied as untimely. Accordingly, no certificate of appealability will issue. A separate order follows.

DATED this 26th day of September, 2025.

BY THE COURT:

_/s/ Richard A. Lanzillo_
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

9